IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| THOMAS A. CRUMP, | |
| Plaintiff, | |
| v. | Civil Action No.: 3:07–CV–244 |
| MARK C. CHRISTIE, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on the Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6) by Defendants Commissioners of the State Corporation Commission, filed as Docket Entry No. 4, and by Defendants Larry Durbin and Michael Fojtik, filed as Docket Entry No. 7. The arguments raised in both Motions are substantially similar and so shall be considered at once. For the reasons set forth below, both Motions to Dismiss shall be GRANTED.

**I.**

On April 26, 2007, Thomas Crump filed this action to enjoin the State of Virginia from allowing the further sale or distribution of tobacco products, claiming violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. To be concise, Mr. Crump is tired of inhaling secondhand smoke, and he is concerned that his continued exposure to such smoke will impair the quality of his life, if not the duration.

To that end, Mr. Crump has sued several officers of the state government, including the Commissioners of the State Corporation Commission. The Commissioners are the Honorable

Mark C. Christie, the Honorable Theodore V. Morrison, Jr., and the Honorable Judith W. Jagdmann. The Commission is responsible for issuing, amending, or extending all charters of domestic corporations and all licenses of foreign corporations to do business in the Commonwealth. Va. Const. art. IX, § 2. Mr. Crump has also sued two officers of the Virginia Department of Taxation: (1) Larry E. Durbin, Assistant Commissioner, Customer Services, Tobacco Unit; and (2) Michael G. Fojtik, Senior Auditor, Tobacco Unit. The Plaintiff alleges that these gentlemen are responsible for issuing permits to cigarette manufacturers, wholesalers, and retailers so that they may affix Virginia cigarette tax stamps to packs of cigarettes sold within the state, as required by state law. The general theory of the case is this: that tobacco could not be sold within the state if the officials named within this suit were enjoined from carrying out their responsibilities; that if tobacco is not sold, it cannot be smoked; and that if tobacco cannot be smoked, it cannot be inhaled by non-smoking bystanders.

**II.**

Federal courts are courts of limited jurisdiction; therefore, the existence of jurisdiction must necessarily be the threshold requirement in every federal case. Collectively, the Defendants assert that the Court is without jurisdiction to hear the case, and have moved to dismiss, in part, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). When challenged, it is the burden of the non-moving party to prove the existence of subject matter jurisdiction by a preponderance of the evidence. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999)(citation omitted); see also Luckett v. Bure, 290 F.3d 493, 496–97 (2d Cir. 2002)("[T]he plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."). A motion to dismiss for lack of subject matter

jurisdiction may be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans, 166 F.3d at 647 (internal quotation and citation omitted).

The existence of subject matter jurisdiction depends to some extent on whether the plaintiff has standing to sue. Very simply, "the question of 'standing' is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). "The core goal of the standing inquiry is to ensure that a plaintiff bringing an action has enough of a stake in the case to litigate it properly." Pye v. U.S., 269 F.3d 459, 466 (4th Cir. 2001). Dismissal is necessary in cases where standing is not established.

The doctrine of standing is comprised of two analytical strains. See, e.g., Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004). The first regards Constitutional limitations on the Court's adjudicative capacity and is rooted firmly in Article III. There, the judicial power of the United States is said to extend only to a limited class of "cases" and "controversies." U.S. Const. art. III, § 2. To establish Article III standing, it must be shown: (1) that the plaintiff suffered the invasion of a legally protected interest; (2) that there is a fairly traceable causal connection between the injury alleged and the conduct challenged; and (3) that there is a reasonable likelihood that the injury alleged could be redressed by a favorable decision from the court. See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The elements of standing are not mere pleading requirements; instead, they are "an indispensable part of the plaintiff's case . . . [and] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." Id. at 561.

There is also prudential standing. Though its contours are far from certain, it is clear that "prudential standing encompasses the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." <u>Elk Grove</u>, 542 U.S. at 12 (internal quotation and citations omitted).

Article III and prudential standing are equally necessary to a federal adjudication. Mr. Crump's claim, however, is lacking both. The Defendants have identified two ways in which Mr. Crump has failed to establish Article III standing. The first is that Mr. Crump has not demonstrated a "fairly traceable connection" between the conduct complained of—the execution of government functions with respect to the sale of tobacco, and the injury alleged—the inhalation of secondhand smoke. Mr. Crump's theory pays no mind to the fact that secondhand smoke is the product of smoking, and that those who smoke—who are therefore producing the smoke that he inhales—are not before the Court. "When a plaintiff is not the direct subject of government action, but rather when the asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation), satisfying standing requirements [is] substantially more difficult." <u>Frank Krasner Enters. v. Montgomery County, Md.</u>, 401 F.3d 230, 234–35 (4th Cir. 2005)(citing <u>Lujan</u>, 504 U.S. 555, and <u>Allen v. Wright</u>, 468 U.S. 737 (1984))(internal quotations omitted). It is more difficult because Article III requires a reasonable causal nexus between offensive conduct and resultant harm. "Speculative," "indirect," or "attenuated" connections are not sufficient. See <u>Allen</u>, 468 U.S. at 757, 758.

But that is precisely the type of causal connection Mr. Crump has stated. His fight with secondhand smoke is not with the state, which merely licenses the sale and distribution of tobacco; it is with those who smoke. And to the extent it is stated, Mr. Crump's theory of causation can only be described as attenuated.

There is also a failure of Article III standing due to the inability of this Court to order competent redress. First, there is neither evidence nor allegation that any Defendant has performed his state-mandated responsibilities unlawfully. Second, even if the Court were to issue an injunction against these state officers from performing their official duties, Mr. Crump's secondhand smoke problem would not simply blow away. Visitors and Virginians alike could continue to smoke within the Commonwealth, so long as their tobacco was purchased somewhere else. Granted, the incidence of smoking would decline dramatically if tobacco could not be sold within the state. But this Court cannot offer the final solution Mr. Crump is seeking.

For these reasons, Article III standing is found wanting. And for similar reasons, prudential standing is also lacking. Prudential standing "embodies judicially self-imposed limits on the exercise of federal jurisdiction." <u>Elk Grove</u>, 542 U.S. at 11. Among the situations contemplated by this principle are those in which a plaintiff seeks adjudication of a generalized grievance whose resolution is better suited for the representative branches. <u>See id.</u> Everywhere, state and local legislatures are debating the very issue for which Mr. Crump seeks a decision. His private war on public smoking is better suited for those fora.

**III.**

The Defendants have also moved to dismiss for the failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Crump claims a violation of due process pursuant to the Fourteenth Amendment of the United States Constitution,[1] and he seeks relief pursuant to the Declaratory Judgment Act[2] and Title 42, United States Code § 1983.

The Fourteenth Amendment guarantees that "[n]o State . . . shall deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. As an intellectual convention, "due process" consists of both procedural and substantive components. Here, we concern ourselves only with substantive due process. Among the liberty interests secured by substantive due process is the right to bodily integrity free from unjustifiable governmental interference. See Washington v. Glucksburg, 521 U.S. 702, 720 (1997)(citing Planned Parenthood of Southeastern Pa. v. Casey, 505 U.S. 833 (1992), and Rochin v. California, 342 U.S. 165 (1952)).

Due process establishes an affirmative proscription on the power of state governments. It commands states to refrain from engaging in conduct when that conduct would offend traditional notions of individual liberty. That door, however, does not swing both ways. Due process does not require the states to act in an affirmative manner in order to prevent the occurrence or to

---

[1] Mr. Crump also claims violations of the Fourth and Fifth Amendments. The Fourth Amendment protects against unreasonable searches and seizures. The Fifth Amendment prohibits only the federal government from denying due process of law. These Amendments are not implicated on the facts alleged. To the extent the Complaint attempts to state claims predicated on these Amendments, those claims are dismissed.

[2] 28 U.S.C. §§ 2201–02.

mitigate the effect of some harm to an individual's liberty interest when the state otherwise would not act. "[N]othing in the language of the Due Process Clause itself requires [a state] to protect the life, liberty, or property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimum levels of safety and security." DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195 (1989). Accordingly, the fact that the Plaintiff on occasion inhales secondhand smoke does not itself establish a violation of the Fourteenth Amendment.

Affirmative conduct is necessary to sustain an action for a violation of due process. In this case, the only conduct that has been alleged is the officers' performance of their official responsibilities. Enough attention has already been given to the attenuated connection between the offensive conduct and the harm suffered. Suffice to say that the Court is as equally concerned now by the remote causation as it was previously with respect to standing. In addition, to prevail in his due process action, Mr. Crump must demonstrate that the Commonwealth's conduct was "so outrageous as to shock the conscience of the court." U.S. v. Osborne, 935 F.2d 32, 36 (4th Cir. 1991)(citing Rochin, 342 U.S. 165). There is an absolute dearth of facts in this case that could support such a proposition.

Despite Mr. Crump's contentions, he has suffered no constitutional violations. Without that predicate, there is no basis on which to sustain an action for declaratory or injunctive relief.

**IV.**

For the foregoing reasons, it is the judgment of the Court that Mr. Crump's claims shall be DISMISSED for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this 7th day of August 2007